1  WILLIAM F. TARANTINO (CA SBN 215343)
   WTarantino@mofo.com
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California 94105-2482
   Telephone:  415.268.7000
4  Facsimile:  415.268.7522

5  BRITTANY SCHEINOK (CA SBN 306522)
   BScheinok@mofo.com
6  MORRISON & FOERSTER LLP
   12531 High Bluff Drive Suite 100
7  San Diego, California 92130-2040
   Telephone:  858.720.5100
8  Facsimile:  858.720.5125

9  Attorneys for Defendant
   APPLE INC.
10

11               UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14

15 | DOMINIQUE CAVALIER, and KILEY KRZYZEK, individually and on behalf of all others similarly situated, | Case No. 5:25-cv-713-PCP
16 | | **APPLE INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**
17 | Plaintiffs, |
18 | v. |
19 | APPLE INC., | Date: July 10, 2025
   | | Time: 10:00 a.m.
20 | Defendant. | Dept.: Courtroom 8 – 4th Floor
   | | Judge: Honorable P. Casey Pitts
21 | |
   | | Compl. Filed:  January 21, 2025

Defendant Apple Inc. ("Apple") respectfully requests that, in determining its accompanying Motion to Dismiss Plaintiffs' Class Action Complaint ("Motion to Dismiss"), the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the following documents attached to the accompanying Declaration of William F. Tarantino in Support of Apple's Motion to Dismiss ("Tarantino Decl."):

1. A true and correct copy of the article: Alyssa Wicks, Heather D. Whitehead, and Graham F. Peaslee, *Presence of Perfluorohexanoic Acid in Fluoroelastomer Watch Bands*, 12 ENVIRONMENTAL SCIENCE & TECHNOLOGY LETTERS 1 (Dec. 18, 2024), https://pubs.acs.org/doi/10.1021/acs.estlett.4c00907 (the "Peaslee Paper"). (Tarantino Decl. Ex. A.)

2. A true and correct copy of the document titled "Apple's Commitment To Phasing Out Per- And Polyfluoroalkyl Substances (PFAS)," available at https://www.apple.com/environment/pdf/Apple_PFAS_Commitment_November-2022.pdf ("Apple's PFAS Phaseout Commitment"). (Tarantino Decl. Ex. B.)

The Court may consider the contents of the Peaslee Paper and Apple's PFAS Phaseout Commitment in ruling on Apple's Motion to Dismiss under the incorporation by reference doctrine or by taking judicial notice.

Under the doctrine of incorporation by reference, a district court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted). The Ninth Circuit has also extended the incorporation by reference doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document. *Id.*; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The purpose of this rule is to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted).

A district court may take judicial notice of matters that are either (1) generally known

1  within the trial court's territorial jurisdiction, or (2) capable of accurate and ready determination
2  based on sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b).
3  Proper subjects of judicial notice when ruling on a motion to dismiss include "publicly available"
4  materials on accessible websites whose "existence cannot reasonably be questioned." *Opperman*
5  *v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068 n.3 (N.D. Cal. 2016); *Terraza v. Safeway Inc.*, 241 F.
6  Supp. 3d 1057, 1067 (N.D. Cal. 2017) (taking judicial notice of definitions of terms "which are
7  publicly available on the [] website" and because "Plaintiff does not oppose this request or
8  otherwise contend that the documents are inaccurate").

9        The incorporation by reference and judicial notice doctrines apply here because Plaintiffs
10 expressly reference and place at issue in the Complaint both the Peaslee Paper and Apple's PFAS
11 Phaseout Commitment.  (*See* ECF No. 1 ("Compl.") ¶ 20 (claiming the Peaslee Paper
12 "investigat[ed] the level of PFAS in multiple smartwatch bands, including [Apple's]"); ¶ 23
13 (claiming "Apple was among the brands of fluoroelastomer watch band manufacturers tested" in
14 the Peaslee Paper); ¶ 7 (quoting portions of Apple's PFAS Phaseout Commitment).)  The copies
15 of the Peaslee Paper and Apple's PFAS Phaseout Commitment attached to the Tarantino
16 Declaration are authentic, true, and correct copies, and each are publicly available.  (*See*
17 Tarantino Decl. ¶ 2 (Peaslee Paper publicly available at
18 https://pubs.acs.org/doi/10.1021/acs.estlett.4c00907); Tarantino Decl. ¶ 3 (Apple's PFAS
19 Phaseout Commitment available on Apple's publicly available website at
20 https://www.apple.com/environment/pdf/Apple_PFAS_Commitment_November-2022.pdf).)

21       Courts routinely take judicial notice of scientific articles, *see Riva v. Pepsico, Inc.*, 82 F.
22 Supp. 3d 1045, 1049 n.1 (N.D. Cal. 2015) (scientific articles that were publicly-available "from
23 the websites of government entities and organizations that host scientific academic journal
24 articles"); *Sidhu v. Bayer Healthcare Pharms. Inc.*, No. 22-cv-01603-BLF, 2023 WL 6541865, at
25 *2 (N.D. Cal. Oct. 5, 2023) (publicly-available studies and FDA documents cited in complaint),
26 and corporate websites, *see Hamilton v. Gen. Mills, Inc.*, No. 6:16-cv-382-MC, 2016 WL
27 4060310, at *2-3 (D. Or. July 27, 2016) (documents from corporate defendant's website);
28

*Haskins v. Symantec Corp.*, No. 13-cv-01834-JST, 2013 WL 6234610, at *1 n.1 (N.D. Cal. Dec. 2, 2013) (same).

  For the foregoing reasons, Apple respectfully requests that the Court take judicial notice of Exhibits A-B to the Declaration of William F. Tarantino.

Dated: April 14, 2025       MORRISON & FOERSTER LLP

             By: *William F. Tarantino*
                WILLIAM F. TARANTINO

               Attorneys for Defendant
               APPLE INC.