| | |
|---|---|
| 1 | WILLIAM F. TARANTINO (CA SBN 215343) |
| 2 | WTarantino@mofo.com<br>MORRISON & FOERSTER LLP |
| 3 | 425 Market Street<br>San Francisco, California 94105-2482 |
| 4 | Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 |
| 5 | BRITTANY SCHEINOK (CA SBN 306522) |
| 6 | BScheinok@mofo.com<br>MORRISON & FOERSTER LLP |
| 7 | 12531 High Bluff Drive Suite 100<br>San Diego, California 92130-2040 |
| 8 | Telephone:  (858) 720-5100<br>Facsimile:  (858) 720-5125 |
| 9 | Attorneys for Defendant |
| 10 | APPLE INC. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | | |
|---|---|---|
| DOMINIQUE CAVALIER, KILEY KRZYZEK, KATHERINE WHEELER, MARLO RUSSELL, TERI GLAZEBROOK, and HEIDI FENTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | | Case No. 5:25-cv-713-PCP<br><br>**DEFENDANT APPLE INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:   October 9, 2025<br>Time: 10:00 a.m.<br>Dept.: Courtroom 8 – 4th Floor<br>Judge: Honorable P. Casey Pitts<br><br>FAC Filed:  May 5, 2025 |

Defendant Apple Inc. ("Apple") respectfully requests that, in determining its accompanying Motion to Dismiss Plaintiffs' First Amended Class Action Complaint ("Motion to Dismiss"), the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the following documents attached to the accompanying Declaration of William F. Tarantino in Support of Apple's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint ("Tarantino Decl."):

1. A true and correct copy of the article: Alyssa Wicks, Heather D. Whitehead, and Graham F. Peaslee, *Presence of Perfluorohexanoic Acid in Fluoroelastomer Watch Bands*, 12 ENVIRONMENTAL SCIENCE & TECHNOLOGY LETTERS 1 (Dec. 18, 2024), https://pubs.acs.org/doi/10.1021/acs.estlett.4c00907 (the "Peaslee Paper"). (Tarantino Decl. Ex. A.)

2. A true and correct copy of the document titled "Apple's Commitment To Phasing Out Per- And Polyfluoroalkyl Substances (PFAS)," available at https://www.apple.com/environment/pdf/Apple_PFAS_Commitment_November-2022.pdf ("Apple's PFAS Phaseout Commitment"). (Tarantino Decl. Ex. B.)

3. A true and correct copy of Apple's English-language One (1) Year Limited Warranty for Apple Branded Products operative from November 19, 2021 to April 21, 2022. (Tarantino Decl. Ex. C.)

4. A true and correct copy of Apple's English-language One (1) Year Limited Warranty for Apple Branded Products operative from April 22, 2022 to present. (Tarantino Decl. Ex. D.)

The Court may consider the contents of the Peaslee Paper, Apple's PFAS Phaseout Commitment, and the Limited Warranties in ruling on Apple's Motion to Dismiss under the incorporation by reference doctrine or by taking judicial notice.

Under the doctrine of incorporation by reference, a district court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted). The Ninth Circuit has also extended the incorporation by reference doctrine to situations in which the plaintiff's claim depends on the contents of a

document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document. *Id.*; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). A court may also properly consider a document that is crucial to the plaintiffs' claims, even if the contents or the existence of the document are not explicitly alleged in the complaint. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). The purpose of this rule is to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted).

A district court may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction, or (2) capable of accurate and ready determination based on sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Proper subjects of judicial notice when ruling on a motion to dismiss include "publicly available" materials on accessible websites whose "existence cannot reasonably be questioned." *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068 n.3 (N.D. Cal. 2016); *Terraza v. Safeway Inc.*, 241 F. Supp. 3d 1057, 1067 (N.D. Cal. 2017) (taking judicial notice of definitions of terms "which are publicly available on the [] website" and because "Plaintiff does not oppose this request or otherwise contend that the documents are inaccurate").

The incorporation by reference and judicial notice doctrines apply here because Plaintiffs expressly reference and place at issue in the First Amended Complaint ("FAC") the Peaslee Paper and Apple's Limited Warranty. (*See* ECF No. 29 ("FAC") ¶¶ 121-22 (claiming the Peaslee Paper "tested 22 fluoroelastomer smart watch bands to determine their PFAS content" and "identified Apple as one of the brands of watch bands tested"); *id.* ¶ 83 ("Apple issues its standard warranty with the products"); *id.* ¶ 160 (claiming that a question common to "all members of the Class" is "[w]hether Defendant's alleged conduct violates applicable warranty laws").) While Plaintiffs do not expressly cite Apple's PFAS Phaseout Commitment, they refer to Apple's commitments to phasing out PFAS in the FAC. (*See id.* ¶¶ 22, 33, 44, 55 ("Apple has stated a future commitment to phasing PFHxA out of its products").) The copies of the Peaslee Paper, Apple's PFAS

1  Phaseout Commitment, and Apple's Limited Warranty are attached to the Tarantino Declaration
2  are authentic, true, and correct copies, and each are publicly available. (*See* Tarantino Decl. ¶ 2
3  (Peaslee Paper publicly available at https://pubs.acs.org/doi/10.1021/acs.estlett.4c00907); *id.* ¶ 3
4  (Apple's PFAS Phaseout Commitment available on Apple's publicly available website at
5  https://www.apple.com/environment/pdf/Apple_PFAS_Commitment_November-2022.pdf); *id.*
6  ¶¶ 4-5 (Apple's Limited Warranties available at
7  https://www.apple.com/legal/warranty/products/warranty-us.html).)

8        Courts routinely take judicial notice of scientific articles, *see Riva v. Pepsico, Inc.*, 82 F.
9  Supp. 3d 1045, 1049 n.1 (N.D. Cal. 2015) (scientific articles that were publicly-available "from
10 the websites of government entities and organizations that host scientific academic journal
11 articles"); *Sidhu v. Bayer Healthcare Pharms. Inc.*, No. 22-cv-01603-BLF, 2023 WL 6541865, at
12 *2 (N.D. Cal. Oct. 5, 2023) (publicly-available studies and FDA documents cited in complaint),
13 and corporate websites, *see Hamilton v. Gen. Mills, Inc.*, No. 6:16-cv-382-MC, 2016 WL
14 4060310, at *2-3 (D. Or. July 27, 2016) (documents from corporate defendant's website);
15 *Haskins v. Symantec Corp.*, No. 13-cv-01834-JST, 2013 WL 6234610, at *1 n.1 (N.D. Cal. Dec.
16 2, 2013) (same). *See also Davidson v. Apple, Inc.*, No. 16-CV-04942-LHK, 2017 WL 976048, at
17 *3 n.2 (N.D. Cal. Mar. 14, 2017) (granting Apple's request for judicial notice of limited
18 warranty); *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393-JST, 2017 WL
19 635291, at *2 (N.D. Cal. Feb. 16, 2017) (taking judicial notice of Oracle's systems hardware and
20 support policies "during the relevant time periods because they were publicly available on
21 [Oracle's] website and their existence cannot reasonably be questioned" (citation omitted)).

22       For the foregoing reasons, Apple respectfully requests that the Court take judicial notice
23 of Exhibits A-D to the Declaration of William F. Tarantino.

24 ///
25 ///
26 ///
27 ///
28

Dated: June 16, 2025

MORRISON & FOERSTER LLP

By: */s/ William F. Tarantino*
WILLIAM F. TARANTINO

Attorneys for Defendant
APPLE INC.